[No. 45409.   En Banc.   November 9, 1978.]

ALEXANDER SARRUF, *Respondent,* v. DANIEL MILLER, ET AL, *Defendants,* BETHLEHEM STEEL CORPORATION, *Appellant.*

*James R. Dickens* and *Richard J. Omata* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*), for appellant.

*Jeff Spence* of *Evergreen Legal Services* (Seattle) and *Robert Beckerman*, for respondent.

STAFFORD, J.—This is a direct appeal from a summary judgment which declares that RCW 49.60.180 prohibits an employer from implementing a mandatory retirement policy based upon age. We reverse and remand for new trial.

In 1969 Alexander Sarruf was hired by Bethlehem Steel Corporation (Bethlehem) as an accountant weighmaster. In January 1976, Bethlehem established a policy of mandatory retirement for employees upon reaching age 65. If Sarruf were to have retired at that age, as required by the new policy, he would not have been employed for 10 years, thus would have been ineligible for pension benefits. In May of 1977 he was informed that upon reaching age 65 he must either retire or be discharged.

In December 1977 Sarruf filed this action to prevent his forced retirement. He sought to enjoin Bethlehem from discharging him under its retirement policy and asked for a declaratory judgment that RCW 49.60.180 prohibits *all* employment discrimination on the basis of age. He also sought "equitable relief." He alleged that a principal consideration in his acceptance of the position with Bethlehem was his understanding that his employment would continue as long as his work was competently performed and the position remained available; and that he would be eligible to participate in Bethlehem's pension plan after 10 years of service. If his understanding was correct he would have

been able to retire in 1979 at age 66 and would have been assured of minimum pension benefits. Moreover, he alleged that Bethlehem's retirement policy should not be applied to him because he had relied, to his detriment, upon the terms of his employment contract. He also asserted a claim for damages.

Bethlehem's answer denied all factual allegations of the complaint, although it admitted that (1) the retirement policy required Sarruf to retire in January 1978 at age 65 and (2) Sarruf was informed of the company policy "many months" prior to December 1977. As an affirmative defense, Bethlehem asserted the complaint failed to state a claim upon which relief could be granted.

Bethlehem moved for a summary judgment "as a matter of law regarding the cause of action alleged against them by plaintiff . . ." Its motion was based upon the pleadings and a brief submitted in support of its motion.[1] Sarruf filed a cross motion for summary judgment seeking declaratory and injunctive relief, damages, costs and reasonable attorneys' fees. Sarruf's trial memoranda are limited to a consideration of his claim of age discrimination. He asserted that the age restrictions imposed by RCW 49.44.090 had been repealed in 1973 and that the statute governing age discrimination is RCW 49.60.180. He argued that his impending retirement was to be based *solely* on age, which is prohibited by RCW 49.60.180. Thus, he contended, he had adequately stated a claim for age discrimination.

Hearings on the cross motions for summary judgment were consolidated. The affidavits submitted dealt only with the claim of age discrimination and with the propriety of a

---

[1]The record on appeal does not contain Bethlehem's brief in support of its motion for summary judgment. We assume, however, that its argument was identical to that made here. That is, Sarruf had not stated a claim for age discrimination under RCW 49.44.090 because this statute limited the protection of RCW 49.60.180 to persons between ages 40 and 65. Our assumption appears warranted since Bethlehem's motion for reconsideration of the trial court's order on summary judgment was based exclusively on the age discrimination statutes.

preliminary injunction to enforce the statute. These affidavits reveal the following undisputed facts: (1) Sarruf was 65 years of age in January 1978; (2) the retirement policy required him to retire at age 65; and (3) Sarruf's mandatory retirement was to be based solely upon his age.

The trial court determined that there was no genuine issue of material fact concerning the claim of age discrimination and granted Sarruf's motion for summary judgment. The order challenged herein (1) declares that RCW 49.60-.180 prohibits an employer from implementing a mandatory retirement policy based upon age, including one based upon age 65 or above; (2) enjoins Bethlehem from discharging Sarruf under its policy; (3) denies Bethlehem's motion for summary judgment; and (4) orders Bethlehem to pay Sarruf $2,500 as reasonable attorneys' fees.

Bethlehem sought direct review. It assigns error to the denial of its motion for summary judgment of dismissal and the granting of Sarruf's motion for summary judgment. Sarruf cross–appeals the award of reasonable attorneys' fees.

On appeal Bethlehem again contends that Sarruf failed to state a claim for age discrimination. It asserts that the trial court misinterpreted RCW 49.60.180 by failing to limit the statute's protection to persons between the ages of 40 and 65. We agree.

Since we are reviewing an order of summary judgment, we must engage in the same inquiry as the trial court. *Highline School Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). We must determine whether there is a genuine issue as to any material fact *and* whether the moving party was entitled to judgment as a matter of law. *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 570 P.2d 438 (1977); *Jacobsen v. State,* 89 Wn.2d 104, 569 P.2d 1152 (1977). That both parties moved for summary judgment does not alter the relevant inquiry concerning the factual and legal issues presented. *See* 6 J. Moore, *Federal Practice* ¶ 56.13 (2d ed. 1948).

The trial court correctly concluded that no genuine issue exists as to any material fact concerning the subject of age discrimination. Thus, summary judgment was appropriate. The only facts material to the claim of age discrimination were Sarruf's age and Bethlehem's requirement of mandatory retirement at that age. The undisputed material facts are that Sarruf would be 65 years of age in January 1978; Bethlehem's retirement policy required retirement at age 65; and Sarruf's forced retirement at 65 was to be based solely upon his age. Nevertheless, we do not agree that Sarruf should have been granted a summary judgment.

We recently considered Sarruf's argument that the 1973 amendment to RCW 49.60.180 impliedly repealed the age restrictions of RCW 49.44.090. *Gross v. Lynnwood,* 90 Wn.2d 395, 583 P.2d 1197 (1978). We specifically rejected this argument and said:

> We hold therefore that RCW 49.44.090 must be read in conjunction with RCW 49.60.180. The former statute limits the definition of the unfair practice of age discrimination contained in RCW 49.60. *RCW 49.60.180, as it pertains to age discrimination, therefore, provides protection only for persons ages 40 to 65. Appellant, a 35–year–old individual, is not within the protected class and thus has no civil cause of action for age discrimination under RCW 49.60.*

(Italics ours.) *Gross v. Lynnwood, supra* at 399–400.

As we said in *Gross,* an individual must be *between ages 40 and 65* in order to have a claim for age discrimination under RCW 49.60.180. *See also* RCW 49.44.090; *Roberts v. Atlantic Richfield Co.,* 88 Wn.2d 887, 568 P.2d 764 (1977). In the instant case Sarruf would have been *over* age 65 on the date of the allegedly discriminatory act. Consequently, he would not have been within the class protected by RCW 49.60.180 and thus had no civil cause of action for age discrimination. Accordingly, the trial court erred in granting *Sarruf's* motion for summary judgment and denying *Bethlehem's* similar motion to dismiss Sarruf's claim of age discrimination. The trial court is reversed insofar as it (1) declared that RCW 49.60.180 prohibits *all*

employment discrimination on the basis of age; (2) granted *Sarruf's* motion for summary judgment based upon that erroneous conclusion; (3) denied Bethlehem's motion for a summary judgment dismissing Sarruf's claim of age discrimination; and (4) enjoined Bethlehem from discharging Sarruf in accordance with the retirement policy. We also reverse and vacate the trial court's award of $2,500 as reasonable attorneys' fees. Such fees may be awarded as part of the cost of litigation if a statute, contract, or equitable basis authorizes the award. *Crane Towing, Inc. v. Gorton*, 89 Wn.2d 161, 176, 570 P.2d 428 (1977). The sole basis asserted in support of the claimed fees is RCW 49.60.030(2) which provides:

> *Any person deeming himself injured by any act in violation of this chapter* shall have a civil action in a court of competent jurisdiction to enjoin further violations, to recover the actual damages sustained by him, or both, *together with the cost of suit including a reasonable attorney's fees . . .*

(Italics ours.) Although the statute does not specifically require an injured party to prevail on the *substantive* discrimination claim, the statute does require that a party be injured by an "act in violation of this chapter". In the instant case Sarruf had no claim for age discrimination under the statute. Thus, it cannot be said he was injured by an "act in violation" of the statute.

Although the trial court should have dismissed Sarruf's claim of age discrimination and should not have awarded attorney's fees, we nonetheless must remand the matter for trial of Sarruf's alternative claim for "equitable relief".

The record indicates the parties specifically limited the summary judgment motions to the claim of age discrimination. However, Sarruf *also* alleged that the terms of his employment contract with Bethlehem included the representation that he could work for 10 years if he performed competently and the position remained available. He also alleged reliance upon those representations. Bethlehem's answer denies these allegations.

In *Roberts v. Atlantic Richfield Co., supra* at pages 894–98, we recognized that allegations similar to those made by Sarruf may give rise to an implied contract of employment independent of a claim of age discrimination. Since this claim is clearly disputed and was not considered by the trial court, we must remand the claim for a trial on the merits.

Finally, we need not consider whether Bethlehem may or should be further enjoined from discharging Sarruf pending resolution of his claim for an alleged breach of the employment contract. Neither party has raised the matter.

The trial court is reversed insofar as it (1) declared that RCW 49.60.180 prohibits *all* employment discrimination on the basis of age; (2) granted Sarruf's motion for summary judgment based upon that erroneous conclusion; (3) awarded Sarruf $2,500 as reasonable attorneys' fees; (4) enjoined Bethlehem from discharging Sarruf in accordance with the retirement policy; and (5) denied Bethlehem's motion for a summary judgment dismissing Sarruf's claim of age discrimination. However, we remand for trial on the merits of Sarruf's claim that Bethlehem breached the contract of employment.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACH-TENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied December 28, 1978.