[No. 47308–1.   Department Two.   May 28, 1981.]

MICHAEL L. FAHN, ET AL, *Respondents,* v. COWLITZ COUNTY, *Defendant,* CIVIL SERVICE COMMISSION OF COWLITZ COUNTY, *Appellant,* WASHINGTON STATE HUMAN RIGHTS COMMISSION, *Respondent.*

*Henry R. Dunn, Prosecuting Attorney,* and *Gordon W. Sivley, Civil Deputy,* for appellant.

*Walstead, Mertsching, Husemoen, Donaldson & Barlow,* by *John A. Barlow,* for respondents Fahn, et al.

*Kenneth O. Eikenberry, Attorney General,* and *Morton M. Tytler, Senior Assistant,* for respondent Human Rights Commission.

WILLIAMS, J.—Appellant Cowlitz County Civil Service Commission seeks review of a judgment of the Cowlitz County Superior Court awarding damages and attorney fees to two claimants who had prevailed in an action brought under the Law Against Discrimination. RCW 49.60.

In earlier proceedings in this litigation, respondents Michael L. Fahn and Day D. Parkhill sued to invalidate a height regulation of appellant which required that all applicants for the position of sheriff's deputy be at least 5 feet 9 inches tall. Respondents contended that the height regulation violated RCW 49.60.180(4) and an administrative regulation promulgated thereunder by the Washington State Human Rights Commission. In a recent opinion, this court reversed the trial court's order granting a summary judgment to respondents and invalidated a portion of the administrative rule, WAC 162–12–140(3)(g), on the grounds that it effectively prohibited an employer from showing the business necessity for a given height requirement. *Fahn v. Cowlitz County*, 93 Wn.2d 368, 610 P.2d 857 (1980) (*Fahn I*). We remanded the case for trial.

Since the respondents were not the prevailing parties in *Fahn* I, the opinion did not reach the question whether they were entitled to attorney fees as provided in RCW 49.60.030(2). However, the opinion included a footnote which was not necessary to the decision and created some uncertainty as to the awarding of attorney fees under the statute.

In proceedings subsequent to the filing of the opinion in *Fahn* I, appellant conceded that it could not show a business necessity for a height regulation requiring all applicants to be at least 5 feet 9 inches tall. As a result, the trial court granted summary judgment invalidating the height regulation and at the same time awarded damages and attorney fees to respondents Fahn and Parkhill. In its con-

clusions of law, the court stated, in part:

> C. *Any person injured or aggrieved* as a result of a violation of RCW 49.60 has a right to sue for and recover damages for that violation *regardless of whether they are members of a particular class under RCW 49.60.*
>
> D. Plaintiffs are white males and are not "handicapped" under RCW 49.60, nor did the Defendant "perceive" them to be handicapped.

(Italics ours.) Clerk's Papers, at 80. The judgment entered pursuant to the order granting summary judgment awarded Fahn damages of $3,267.50 for lost earnings, and attorney fees to both respondents in the amount of $8,588.87, including costs.

Following appellant's appeal to the Court of Appeals, respondents and intervenor Washington State Human Rights Commission moved to transfer the case to the Supreme Court. We accepted direct review and determined that the cause should be considered without oral argument on a departmental motion docket. The court subsequently issued an order amending prior opinion, directing that (1) footnote 6 of *Fahn* I be deleted from the published opinion and (2) all parties file additional briefs on all issues raised by the appeal, including attorney fees and damages recoverable under RCW 49.60. After submission of the later briefs, a departmental conference considered the matter.

The major issue we must decide is whether respondents are entitled to statutory attorney fees and damages under RCW 49.60.030(2) when they are not members of a class protected by the Law Against Discrimination.[1]

Footnote 6 of *Fahn* I (deleted by postopinion order) provided:

> We express serious reservations whether these respondents are entitled to statutory attorney fees, even if they should ultimately succeed in proving their claim at trial. The relevant portion of the statute provides:
> (2) Any person deeming himself injured by any act in violation of this chapter shall have a civil action . . .

---

[1]Respondents are white males, a class not explicitly protected by RCW 49.60.

to recover . . . reasonable attorney's fees . . .
RCW 49.60.030(2). Respondents do not claim they have suffered discrimination on the basis of race, age, sex, or any other category covered by RCW 49.60.180(4). To be entitled to attorney fees under the statute, respondents must show not only that appellant's height requirement has a disparate impact on protected classes, but also that they are members of a class thus disadvantaged. Recovery of attorney fees requires a showing of injury by an "act in violation of this chapter". RCW 49.60.030(2). *See Sarruf v. Miller,* 90 Wn.2d 880, 885, 586 P.2d 466 (1978).

In its opening brief, appellant argued that footnote 6 of *Fahn* I disposed of this issue by clearly stating that a prevailing party who was not a member of a protected class under RCW 49.60 could not recover attorney fees and damages under RCW 49.60.030(2). Now that the court has deleted footnote 6, appellant argues that there has been no act directed at respondents which violates RCW 49.60.

*Fahn* I clearly establishes, however, that appellant violated RCW 49.60.180(4) and that portion of WAC 162–12–140(3)(g) which declares preemployment height inquiries to be an unfair employment practice. *Fahn* I, at 376–77. The opinion concluded that preemployment height inquiries have a disproportionately adverse impact ("disparate impact") on women and some minority groups. *Fahn* I, at 376–77; *see Dothard v. Rawlinson,* 433 U.S. 321, 53 L. Ed. 2d 786, 97 S. Ct. 2720 (1977); *Griggs v. Duke Power Co.,* 401 U.S. 424, 28 L. Ed. 2d 158, 91 S. Ct. 849 (1971).

■ The attorney fee provision of the Law Against Discrimination, RCW 49.60.030(2), provides:

Any person deeming himself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, to recover the actual damages sustained by him, or both, together with the cost of suit including a reasonable attorney's fees or any other remedy authorized by this chapter or the United States Civil Rights Act of 1964 . . .

Respondents argue that they meet the standards required by RCW 49.60.030(2) because (1) there has been a violation

of the statute, *i.e.*, an impermissible preemployment inquiry in the form of a minimum height regulation, and (2) they have been injured by the violation, because they were denied positions as deputy sheriffs solely on account of their height.

In *Sarruf v. Miller,* 90 Wn.2d 880, 586 P.2d 466 (1978), a person over age 65 brought an age discrimination action based on RCW 49.60. In denying his claim, we held that the statute requires a person must be between the ages of 40 and 65 at the time of an alleged act of age discrimination in order to have a claim. Thus, even if the defendant employer discriminated against Sarruf because of his age, which was over 65, it did not act unlawfully. Here, by contrast, the height regulation was plainly invalid under the statute and regulations (unless appellant could show a business necessity, which it concededly could not), and respondents had clearly been injured by its application to them. Thus, the plain language of RCW 49.60.030(2) establishes that respondents are entitled to attorney fees and damages.

Respondents and intervenor also argue that an award of attorney fees and damages is consistent both with the purpose of RCW 49.60 and with the attorney fee cases brought under the federal equal employment statute, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2 (1976). As to the purpose of the state statute, the legislature has declared that "discrimination threatens not only the rights and proper privileges of [the state's] inhabitants but menaces the institutions and foundation of a free democratic state." RCW 49.60.010. Accordingly, the act establishes a state agency, the Human Rights Commission, which is given "powers with respect to elimination and prevention of discrimination in employment . . ." RCW 49.60-.010; RCW 49.60.051. Moreover, the legislature has directed that "[t]he provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof." RCW 49.60.020.

Respondents and intervenor point out that the Law Against Discrimination grants a right of civil action to

claimants who wish to challenge alleged discrimination by way of a private lawsuit. RCW 49.60.030(2). The legislature added this provision in Laws of 1973, ch. 141, § 3, p. 420, and intervenor argues that the purpose of the subsection was to relieve the Human Rights Commission of the sole burden of enforcement of RCW 49.60. If private prevailing parties who have standing to bring the action are nonetheless denied attorney fees because they are not members of expressly protected classes under the statute, then, as a practical matter, aggrieved persons will be discouraged from bringing such suits.[2] This is hardly consistent with the legislature's mandate that the act be liberally construed to accomplish the purpose of "elimination and prevention of discrimination in employment". RCW 49.60.010; RCW 49.60.020.

Turning to the federal authority, we note that the attorney fee provision of Title VII provides:

> In any action or proceeding under this subchapter the court . . . may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . .

42 U.S.C. § 2000e–5(k) (1976). Interpreting this provision, the United States Supreme Court has held, in a case awarding attorney fees on a discrimination claim:

> Because Congress has cast the Title VII plaintiff in the role of "a private attorney general," vindicating a policy "of the highest priority," a prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances."

*New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 64 L. Ed. 2d 723, 100 S. Ct. 2024 (1980), quoting from *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416–17, 54

---

[2]We emphasize that standing to sue is not at issue here. It is clear that persons who are not members of protected classes may bring suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2 (1976). *See, e.g., EEOC v. Mississippi College,* 626 F.2d 477 (5th Cir. 1980); *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 34 L. Ed. 2d 415, 93 S. Ct. 364 (1972). It is likewise plain that any issue of standing was resolved in *Fahn* I in favor of respondents, who were permitted to continue their action on remand. *See Fahn* I, at 384 n.5.

L. Ed. 2d 648, 98 S. Ct. 694 (1978). Since RCW 49.60.030(2) allows for "any . . . remedy authorized by . . . the United States Civil Rights Act of 1964", it would appear damages and attorney fees would be available to respondents under the federal cases and our own Law Against Discrimination, unless there are "special circumstances".

We discern no such special circumstances. There is no problem of standing. As we have pointed out above, *Sarruf v. Miller, supra,* is distinguishable. Moreover, respondents have prevailed on their claim, since appellant has not been able to show a business necessity for its height regulation.

▪ Appellant argues, however, that counsel for respondents agreed to take the case on a pro bono basis, and thus may not now claim statutory attorney fees. Even if this disputed allegation is true, the statute does not prevent an award of statutory attorney fees in such a situation, and there is federal authority for such an award in similar circumstances:

> We also reject petitioners' argument . . . that respondent's representation by a public interest group is a "special circumstance" that should result in denial of counsel fees.

*New York Gaslight Club, Inc.,* at 70 n.9.

Accordingly, in the absence of a showing of special circumstances, we hold that respondents are entitled to statutory attorney fees and damages. RCW 49.60.030(2).

Respondents also seek attorney fees on appeal pursuant to RAP 18.1. Counsel has filed an affidavit setting out his fees and expenses for this portion of the case (from August 25, 1980 until the present time). The statute does not limit an award of attorney fees to those expenses incurred at trial, and we hold that respondents are entitled to an award of attorney fees on appeal in an amount to be determined by the trial court. *Holland v. Boeing Co.,* 90 Wn.2d 384, 583 P.2d 621 (1978).

▪ Finally, even accepting the principle that respondents are entitled to attorney fees, appellant contends that the trial court's $8,588.87 award of attorney fees was clearly

686

excessive. We find the amount awarded is supported by affidavits in the record and appears to be well within the discretion of the trial court. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 553 P.2d 423 (1976).

Appellant further maintains that the trial court failed to apply the "proper criteria" in determining the amount of attorney fees awarded. Appellant claims that the court considered only (1) the number of hours expended by respondent's counsel and (2) his customary hourly rate. Appellant urges that the factors listed in (CPR) DR 2–106 must be, and were not, considered by the trial court. Our review of the attorney fee affidavits and of the excerpt of testimony at a postjudgment hearing on attorney fees, however, reveals that the trial court was apprised of much more than the bare number of hours recorded by counsel. We find no abuse of discretion.

This disposition renders it unnecessary to consider respondents' claim that they were perceived as handicapped by appellant and therefore were a protected class under RCW 49.60.

The trial court is affirmed, and the cause is remanded for a final determination of attorney fees and damages.

BRACHTENBACH, C.J., and STAFFORD, DOLLIVER, and DIMMICK, JJ., concur.