147 P.3d 1305 (2006)
COUNCIL HOUSE, INC., Respondent,
v.
Jeanne (Lauren) HAWK, Appellant.
No. 57205-9-I.
Court of Appeals of Washington, Division 1.
December 11, 2006.
*1306 William John Crittenden, Attorney at Law, Seattle, Counsel for Appellants.
Alex J. Rose, Attorney at Law, Bellevue, Beth Prieve Gordie, James Albert Oliver, Short Cress & Burgess PLLC, Seattle, Counsel for Respondents.
ELLINGTON, J.
¶ 1 The unlawful detainer statute allows the court to award attorney fees to the prevailing party. Here, the tenant prevailed but the court denied fees. Because the arguments for denying fees were legally untenable, we reverse and remand.

BACKGROUND
¶ 2 Jeanne Hawk has lived at Council House, a living facility for seniors, since 2003. In June 2005, Council House filed a complaint for unlawful detainer, alleging that Hawk violated her lease by disturbing her neighbors and acting rudely. Hawk obtained representation by pro bono attorneys, and asserted defenses including First Amendment rights to free expression. A team of attorneys spent about 200 hours preparing Hawk's defense, and both parties filed pretrial motions and long briefs. The trial date was continued, and after a hearing on September 23, the court requested additional briefs on First Amendment issues raised by Hawk.
¶ 3 Five days later, Council House requested a CR 41(a)(1)(B) voluntary dismissal without prejudice and without costs or attorney fees to either party. The court granted the motion, and denied Hawk's motion to reconsider denial of fees.
¶ 4 Hawk appeals the denial of fees and costs, contending that RCW 59.18.290 mandates costs and fees to the prevailing party in an unlawful detainer action, except for any fees related to a claim of retaliatory eviction, which is governed by RCW 59.18.250. In the alternative, Hawk argues that if an award of costs and fees under RCW 59.18.290 is discretionary, the court abused its discretion by denying fees on grounds that her counsel were acting pro bono.

ANALYSIS
¶ 5 We must determine whether prevailing party fees under the Residential Landlord-Tenant Act, chapter 59.18 RCW, are mandatory or discretionary. On questions of statutory interpretation, review is de novo.[1] "The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature."[2] To determine legislative intent, we begin with the statute's plain language and ordinary meaning.[3] We examine *1307 each provision in relation to other provisions and seek a consistent construction of the whole.[4] We will examine sources beyond the statute and apply the rules of statutory construction only if the statute is ambiguous.[5]
¶ 6 RCW 59.18.290 provides for prevailing party attorney fees:
(1) It shall be unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any tenant so removed or excluded in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. The prevailing party may recover the costs of suit or arbitration and reasonable attorney's fees.
(2) It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him, and the prevailing party may recover his costs of suit or arbitration and reasonable attorney's fees.
¶ 7 Hawk acknowledges that the word "may" is ordinarily permissive, but contends that here, it obliges the trial court to award costs and fees whenever the prevailing party claims them, because the word "may" is used throughout the section, and any other interpretation would render all the remedies (repossession, termination of the rental agreement, damages) also discretionary. But we know of no reason to conclude that the authorized remedies are mandatory, and we see no absurdity in the presumptive interpretation that "may" means "may."
¶ 8 As Council House points out, we have already determined that the Residential Landlord Tenant Act uses "may" in a permissive sense.[6] Council House also points to the parallel fee provision of the retaliatory eviction statute, which uses the word "shall":
[W]here the tenant prevails upon his claim or defense that the landlord has violated this section [prohibiting retaliatory eviction], the tenant shall be entitled to recover his costs of suit or arbitration, including a reasonable attorney's fee. . . . [[7]]
Where the legislature uses permissive language in one provision and mandatory language in a similar, related provision, we presume the legislature intended different results.[8]
¶ 9 We hold that an award of costs and attorney fees under RCW 59.18.290 is discretionary.
¶ 10 A trial court abuses its discretion when its decision or order is manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons.[9] Untenable reasons include errors of law.[10]
¶ 11 In its motion seeking voluntary dismissal, Council House stated that fees were not appropriate because "there is no statutory basis for attorney fees."[11] This assertion is wrong. The plain language of the unlawful detainer statute authorizes fees to the prevailing party. Council House supported its position with the following footnote: "The Defendant recently dismissed her claim for retaliation pursuant to RCW 59.18.250, which would not have provided for fees in any event since Defendant's lawyers are working pro-bono. Based on the procedural *1308 nature of Defendant's pending motion, there is no other basis for fees."[12]
¶ 12 Two problems are immediately apparent. First, Hawk seeks fees not for the retaliatory eviction claim, but for defending the unlawful detainer. As discussed above, fees to the prevailing party in an unlawful detainer action are authorized by RCW 59.18.290. Hawk is the prevailing party, because when a plaintiff takes a voluntary dismissal, the defendant has prevailed for purposes of fees.[13]
¶ 13 Second, unless a statute expressly prohibits fee awards to pro bono attorneys, the fact that representation is pro bono is never justification for denial of fees.[14] The Residential Landlord-Tenant Act prohibits fees to pro bono attorneys only on unlawful retaliation claims.[15] Nothing in the act prohibits fees to pro bono attorneys defending tenants in unlawful detainer actions. The court is to consider "the fee customarily charged in the locality for similar legal services," not the amount actually charged.[16]
¶ 14 The analysis in Andersen v. Gold Seal Vineyards, Inc.[17] is apt. There the plaintiff took a voluntary dismissal under CR 41(a)(1)(B). The defendant sought fees under RCW 4.28.185, which awards fees to a defendant who is served personally outside the state and "prevails" in the action. The court reasoned that defendants in such circumstances have already expended time and money preparing the case, and a CR 41 judgment shows that the plaintiff failed to prove his claim.[18] Similarly here, Hawk was required to prepare for trial, and Council House failed to prove its claim.
¶ 15 The fact that Hawk's attorneys represented her pro bono is irrelevant. If the court denied fees on that basis, its decision was untenable.
¶ 16 In its footnote, Council House asserted one other ground for denying fees in its footnote: "the procedural nature" of the CR 41 motion, citing to Housing Authority of Everett v. Terry.[19] But the issue in Terry was whether fees should be awarded where the tenant elected to seek a court remedy before exhausting procedural appeals, lost on the merits, then successfully appealed on jurisdictional grounds.[20] The court declined to award fees.[21]
¶ 17 The procedural nature of Council House's motion for CR 41 dismissal bears no discernable similarity to the Terry case. If Council House persuaded the court that no party prevails in a CR 41 dismissal, again, the court made an untenable decision.
¶ 18 Council House recouches this argument on appeal, contending that because Hawk's attorneys were working pro bono, Hawk is not harmed by any error. As discussed above, this argument ignores public policy.[22]
¶ 19 Council House finally argues that any fees to Hawk should be offset by fees to Council House under the retaliatory eviction statute, RCW 59.18.250. But Council House failed to request an award of fees when Hawk withdrew her retaliatory eviction claim, so this argument has not been preserved.[23] In any event, Council House is not entitled to an offset. RCW 59.18.250 provides fee awards to tenants who prevail on *1309 "their claim or defense that the landlord has violated this section," and awards a landlord his attorney fees when he "prevails upon his claim."[24] Under the plain meaning rule, the phrase "upon his claim" means the landlord must prevail in the unlawful detainer action. Council House did not prevail, and sought dismissal without fees to either party.
¶ 20 Under RCW 59.18.290, an award of fees is discretionary. But we are unable to review the propriety of the decision here because nothing in the record reveals the court's reason for denying fees, and the only arguments presented were untenable. Given these circumstances, we must conclude that the court abused its discretion.[25]
¶ 21 We reverse and remand for the court to exercise its discretion as to whether Hawk should be awarded costs and attorney fees. Because Hawk prevailed in this court, we award her fees on appeal.[26]
¶ 22 Reversed and remanded.
AGID, DWYER, JJ., concur.
NOTES
[1] National Elec. Contr. Ass'n v. Riveland, 138 Wash.2d 9, 19, 978 P.2d 481 (1999).
[2] Id.
[3] Id.
[4] State v. Sommerville, 111 Wash.2d 524, 531, 760 P.2d 932 (1988).
[5] State Dep't of Transp. v. State Employees' Ins. Bd., 97 Wash.2d 454, 458, 645 P.2d 1076 (1982).
[6] Hous. Auth. v. Pleasant, 126 Wash.App. 382, 390, 109 P.3d 422 (2005).
[7] RCW 59.18.250 (emphasis added).
[8] See State v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 10-12, 43 P.3d 4 (2002); Scannell v. Seattle, 97 Wash.2d 701, 704, 648 P.2d 435 (1982).
[9] State v. Brown, 132 Wash.2d 529, 572, 940 P.2d 546 (1997).
[10] Estate of Treadwell v. Wright, 115 Wash.App. 238, 251, 61 P.3d 1214 (2003); Lawrence v. Lawrence, 105 Wash.App. 683, 686, 20 P.3d 972 (2001).
[11] Clerk's Papers at 611.
[12] Id. (citations omitted).
[13] Hawk v. Branjes, 97 Wash.App. 776, 782, 986 P.2d 841 (1999); Walji v. Candyco, Inc., 57 Wash.App. 284, 288, 787 P.2d 946 (1990).
[14] Blair v. Washington State University, 108 Wash.2d 558, 571, 740 P.2d 1379 (1987) ("trial court abused its discretion in even considering the plaintiffs' public interest representation"); Fahn v. Civil Service Com., 95 Wash.2d 679, 685, 628 P.2d 813 (1981).
[15] RCW 59.18.250.
[16] RCW 59.18.030(9).
[17] 81 Wash.2d 863, 505 P.2d 790 (1973).
[18] Id. at 868, 505 P.2d 790.
[19] 114 Wash.2d 558, 789 P.2d 745 (1990).
[20] Id. at 562-65, 789 P.2d 745.
[21] Id. at 571, 789 P.2d 745 ("One party should not be able to seek an affirmative result at trial and, when disappointed, burden the other party with all the expenses.").
[22] See Blair, 108 Wash.2d at 571, 740 P.2d 1379.
[23] RAP 2.5(a); Herberg v. Swartz, 89 Wash.2d 916, 925, 578 P.2d 17 (1978).
[24] (Emphasis added).
[25] Treadwell, 115 Wash.App. at 251, 61 P.3d 1214 (trial court abused its discretion by granting motion to vacate because neither ground put forth by defendant provided a legally tenable basis for setting aside the judgment).
[26] RAP 18.1; Landberg v. Carlson, 108 Wash. App. 749, 758, 33 P.3d 406 (2001).