IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

HOUSING AUTHORITY OF THE CITY )
OF SEATTLE, WASHINGTON, a )  No. 76553-1-I
public body corporate and politic, )
          )  DIVISION ONE
      Respondent, )
          )
    v.       )
          )
STANLEY MAYNOR, )  UNPUBLISHED OPINION
          )
      Appellant. )  FILED: July 30, 2018
_____ )

BECKER, J. — In December 2016, the Seattle Housing Authority evicted appellant Stanley Maynor from an apartment in South Seattle. Maynor appeals the orders leading to that eviction. We affirm.

The Housing Authority began eviction proceedings in October 2016 after Maynor breached his lease by nonpayment of rent. Maynor was served with a 14 day notice to pay rent or vacate on October 13, 2016, through a notice posted on his door. Maynor remained in possession of the unit. On November 7, the Housing Authority filed a complaint for unlawful detainer and an eviction summons and on November 9, the Housing Authority filed a motion and certificate for order to show cause why a writ of restitution should not be issued.

According to a declaration from a process server, several unsuccessful attempts were made to serve Maynor at his residence with the eviction

the court's jurisdiction. <u>Negash v. Sawyer</u>, 131 Wn. App. 822, 825-27, 129 P.3d 824 (2006).

The show cause hearing was held on December 19, 2016, before a King County Superior Court commissioner. The Housing Authority's property manager, Martha Owens, testified that Maynor failed to pay his rent on time. She quantified the amount of back rent that was due as well as the various costs incurred by the Housing Authority for conducting the eviction. Maynor was present at the hearing. He did not dispute that he was behind in his rent.

Based on documents in the file, the commissioner concluded service of the summons and complaint had been done properly. At the end of the hearing, the commissioner issued findings of fact, conclusions of law, and an order that found Maynor guilty of unlawful detainer and called for a writ of restitution to restore possession of the unit to the Housing Authority. The writ of restitution was issued on the same day. The commissioner entered a judgment summary for the Housing Authority as creditor and Maynor as debtor. The summary listed $669 as the principal judgment amount, $890 in attorney fees and costs, and other expenses, but all these items were designated "Reserved." Conclusion of law 1 stated, "This court has jurisdiction over the property but because of alternative service, does not have personal jurisdiction in this case." Conclusion of law 3 stated, in accordance with RCW 59.18.055, that "plaintiff is not entitled to the amounts identified in the summary until the court has personal jurisdiction over the Defendant." So far as the record reflects, the court never entered

3

judgment against Maynor for the itemized amounts listed in the judgment summary.

Maynor filed a motion to revise on December 27, 2016. He was evicted on December 29.

The superior court heard Maynor's motion to revise in February 2017. After oral argument, the trial court adopted as its own the commissioner's findings, conclusions, the order finding Maynor in unlawful detainer, the order to issue a writ and the related writ. The court denied Maynor's motion to revise. Maynor appeals.

## ANALYSIS

### Alternative Service

Maynor contends that neither the commissioner nor the trial court had jurisdiction over the property due to an alleged failure to comply with the portion of the alternative service statute, RCW 59.18.055, that requires posting of certain documents. However, a declaration from Martha Owens stated that the required documents were posted on Maynor's door on November 30. Proof of mailing was also presented. The commissioner entered a finding of fact that Maynor was served via alternative service. We conclude that the alternative service procedure was complied with and the superior court had jurisdiction to restore possession of the premises to the Housing Authority.

### Commissioner's Powers

Maynor contends that the commissioner who presided over the December 19 show cause hearing acted ultra vires, and as a consequence the findings,

conclusions, and orders entered by the commissioner and adopted by the superior court are void.

Maynor cites a statute stating that a plaintiff, at the time of commencing an action for unlawful detainer, may apply to "the judge of the court in which the action is pending" for a writ of restitution. RCW 59.12.090. According to Maynard, the use of the term "judge" shows that a commissioner does not have authority to issue a writ of restitution. He is incorrect. Commissioners have the "power, authority, and jurisdiction, *concurrent with the superior court and the judge thereof,* . . . to hear and determine ex parte and uncontested civil matters of any nature." RCW 2.24.040(9) (emphasis added). Also, as the Housing Authority explains, RCW 59.12.090 does not apply in this residential landlord-tenant dispute.

Under the King County Local Rules, an order to show cause in an unlawful detainer action can be obtained ex parte. The initial hearing on an order to show cause is to be "heard in person in the Ex Parte and Probate Department," except that contested proceedings are to be set for a trial and assigned to a judge.

> The orders to show cause, and any agreed orders or orders that do not require notice, shall be obtained by presenting the orders, through the clerk's office, to the Ex Parte and Probate Department, without oral argument. The initial hearing on order to show cause shall be heard in person in the Ex Parte and Probate Department, *provided that contested proceedings may be referred by the judicial officer to the clerk who will issue a trial date and a case schedule and will assign the case to a judge.*

KCLR 40.1(b)(2)(O) (emphasis added). Maynor contends that the show cause hearing on December 19 was a contested proceeding that should have been referred to a judge for trial.

5

The commissioner heard the initial show cause hearing as provided by KCLR 40.1. It was undisputed that Maynor was behind on his rent. Maynor argued that alternative service should not be permitted. But as discussed above, RCW 59.18.055 authorizes the alternative service that was used by the Housing Authority. Making an unfounded argument about the law does not transform a show cause hearing into a contested proceeding.

At the hearing on his motion to revise, Maynor argued that the show cause hearing was contested because he disputed the amounts the Housing Authority claimed he owed. The superior court judge addressed this argument and determined that the show cause hearing was not contested as to any material fact:

> The commissioner has the authority to issue an order in uncontested matters, and for purposes of that statement, uncontested means matters in which there is no reasonable dispute of any fact. Here, there is no dispute that an insufficient amount of money had been tendered by the defendant to the Housing Authority. And if there's no disagreement about that, then there's no dispute. And that triggers the commissioner's authority at that point to go ahead and issue an order if there is no dispute of any material fact. . . . And although Mr. Maynor disputes that he owes any money beyond what he's paid, there is no dispute that what he offered was insufficient to cure an untimely, as well as insufficient to cure the default. So the commissioner did have the authority to hear this case. It was uncontested because there was no dispute of serious—of material fact regarding the elements that the Housing Authority had to file—had to prove.

The superior court was correct. It would have been pointless to refer the case for a trial before a judge since there were no contested material facts.

Due Process

At minimum, a defendant subject to an action for unlawful detainer must be afforded a meaningful opportunity to be heard. Leda v. Whisnand, 150 Wn. App. 69, 83, 207 P.3d 468 (2009). Maynor alleges that the Housing Authority violated due process by concealing from him the nature of the December 19 show cause hearing. According to Maynor, that hearing was transformed into a "faux" trial on the merits. He says it was a "charade" and a "debacle" because he was prevented from exercising his "right to subpoena witnesses, his right to file a jury demand, his right to cross examine and his right to a real judgment." He says the trial court infringed his right to procedural due process by "rendering judgment against him without any prior notice and without any opportunity to be heard." This argument lacks merit. The 14 day notice and the eviction summons advised Maynor of the procedure for contesting eviction. The complaint for unlawful detainer set forth the relief sought. Maynor filed an answer to the complaint. There is no substance to Maynor's claim that he lacked notice of what the show cause hearing would entail.

The opportunity to be heard is distinct from the right to a full trial. It is undisputed that a defendant at a show cause hearing "is not entitled to a full trial. Moreover, it is well established that due process does not require that a defendant in an unlawful detainer action be allowed direct and cross-examination of parties and witnesses at the show cause hearing." Leda, 150 Wn. App. at 81 (citations omitted). Maynor was allowed to argue at the show cause hearing, he was free to present evidence, and he was given an opportunity to cross-examine

the Housing Authority's witness. Maynor received a meaningful opportunity to be heard to the extent required under Leda.

Five Day Notice of Orders and Factual Findings

Maynor contends the commissioner erred by entering "judgment" notwithstanding the fact that the Housing Authority did not provide five days' notice of the proposed judgment, findings of fact, and conclusions of law that were presented at the hearing on December 19. Maynor contends such notice is required by CR 52 and CR 54.

Unlawful detainer actions governed by RCW 59.18 are "special statutory proceedings with the limited purpose of hastening recovery of possession of rental property." Phillips v. Hardwick, 29 Wn. App. 382, 386, 628 P.2d 506 (1981). Court rules do not apply when inconsistent with rules or statutes applicable to special proceedings. CR 81. At a show cause hearing, "if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." RCW 59.18.380. The civil rules requiring five days' notice of a proposed judgment do not apply because they are inconsistent with the statute's mandate for expeditious action restoring the premises to a prevailing plaintiff.

Furthermore, CR 52 and CR 54 presuppose that a trial has occurred in which disputed issues of fact were resolved. Here, there was no trial because there were no contested issues of material fact. Maynor wished to contest the amounts the Housing Authority claimed he owed, but because of the use of alternative service, this dispute was not properly before the commissioner. The

commissioner reserved judgment on the claim for moneys owed until such time as the court had in personam jurisdiction.

## Execution of the Writ

Maynor contends the writ of restitution was prematurely executed in violation of CR 62(a), which provides that "'no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.'"

Maynor does not explain how CR 62 can apply to an eviction. The eviction was done pursuant to a writ of restitution, not in proceedings taken to enforce an ordinary judgment. A judgment for restitution of the premises is to be enforced immediately. RCW 59.18.410.

But even if CR 62 has application, the writ of restitution was issued on December 19. The sheriff executed the writ on December 29, ejecting Maynor from the premises. Ten days passed between the issuance and execution of the writ. Thus, there is no basis for this claim.

## Attorney Fees

The Housing Authority requests reasonable attorney fees under RCW 59.18.290, a section of the Residential Landlord-Tenant Act of 1973. An award of costs and attorney fees under RCW 59.18.290 is discretionary. Council House, Inc. v. Hawk, 136 Wn. App. 153, 159, 147 P.3d 1305 (2006). Exercising our discretion, we decline to award attorney fees.

No. 76553-1-I/10

Affirmed.

Becker, J.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JUL 30 AM 9: 12