Argued and submitted December 5, 1984, affirmed as modified July 17, reconsideration denied September 13, petition for review denied October 15, 1985 (300 Or 162)

In the Matter of the Marriage of

KOPPLIN,
*Respondent - Cross-Appellant,*

*and*

KOPPLIN,
*Appellant - Cross-Respondent.*

(D82-1114; CA A30596)

703 P2d 251

Daniel E. McCabe, Aloha, argued the cause and filed the briefs for appellant - cross-respondent.

John B. Lewis, Forest Grove, argued the cause and filed the brief for respondent - cross-appellant.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife appeals and husband cross-appeals from a decree of dissolution. She argues that the trial court erred by not considering husband's inheritance as a marital asset, by discounting some assets to allow for the uncollectibility of business accounts receivable, by deducting the costs of sale of real property and by not awarding interest on her $275,000 judgment against husband. He argues on cross-appeal that the court erred in the manner that it divided the property, by awarding permanent spousal support, by awarding wife attorney fees and by setting child support at $300 a month per child in the absence of evidence of the children's needs. We modify the property division and reduce child support from $300 a month per child to $250.

The parties were married for 23 years. During that time they were involved in farming endeavors and, since 1969, had operated a nursery. At the time of the dissolution, husband was 47 and wife 42. In 1980, the parties' tax return reflected an adjusted gross loss of $8,074. In 1982, the year before the dissolution, the tax return showed adjusted gross income of $76,179. The trial court assigned these values to the parties' assets and liabilities:

Assets:

| | |
|---|---:|
| Real Property | $ 563,000 |
| Layer Beds | 35,000 |
| Bud Wood Trees | 45,000 |
| Inventory (Tree Count) | 219,000 |
| Accounts Receivable | 116,000 |
| Notes Receivable | 81,160 |
| Contract Receivable | 18,600 |
| Equipment & Irrigation Pipe | 58,600 |
| Personal Property | 30,000 |
| Total | $1,166,360 |

Liabilities:

| | |
|---|---:|
| Accounts Payable | $ 15,470 |
| Payroll Taxes Payable | 13,190 |
| Mortgages Payable | 337,000 |
| Contracts Payable | 60,000 |
| Property Taxes Payable | 10,700 |
| Note Payable | 7,000 |
| Total | $ 443,360 |

The trial court discounted the receivables by 30 percent and deducted $42,000 from the value of the real property as sale costs, leaving a net value for the marital estate of approximately $616,000. The court awarded all the real property and business assets, subject to the indebtedness, to husband and awarded wife a judgment against husband and a lien on the real property in the amount of $275,000, payable without interest in ten annual installments of $27,500.

Wife contends that the trial court erred by discounting the business receivables and by reducing the value of the real property to account for anticipated costs of sale. (Sale of the property was not directed by the court.) With respect to the receivables, wife asserts that the trial court should have relied more on her testimony and less on that of husband's bookkeeper, because wife was the bookkeeper, accountant and co-manager of the business for 12 years. Husband's book-keeper had only kept the books for one and a half years, is not a CPA and had no experience working in a business of this kind. On the basis of our review of the record, we conclude that the trial court's adjustments in the valuations of the receivables were appropriate, and we accept those values.

However, with respect to the real property, all of which was awarded to husband, we note that there is no evidence in the record that husband intended to sell any of it, let alone all of it, that the court did not require that any of the property be sold and that there was no evidence of what any costs of sale would be were any property sold. Reduction of the value of the real property was unwarranted, and that amount ($42,000) must be restored to the valuation of the marital estate. In view of the fact that wife has not objected to the trial court's original distribution proportions,[1] we will add to the $275,000 award the same proportion of the $42,000. Thus, wife's award is increased to $293,750, plus the trial court's original award of personal property in her possession at the time of the decree.

Under the original decree, wife would have received $27,500 a year for 10 years in payment of her lien. She argues

---

[1] Wife was apparently awarded the "short half" of the assets (something less than 45 percent by way of the lien plus some undisclosed portion of the personal property), but that distribution is not directly challenged on appeal.

that the judgment should bear interest, and we agree. *Haguewood and Haguewood,* 292 Or 197, 210, 638 P2d 1135 (1981); *see McCoy and McCoy,* 28 Or App 919, 929, 562 P2d 207, *on reconsideration* 29 Or App 287, 563 P2d 738 (1977). The trial court apparently believed that this was an instance in which the allowance of interest on the judgment would endanger the obligor's ability to pay. All of the parties' business assets were awarded to husband, subject to wife's lien, and he has total flexibility with respect to disposition of those assets. Were we to leave the judgment lien in place, it would be inequitable for husband to be able to exercise control over the assets for his own benefit while wife awaits her share over a 10-year period without some concomitant compensation for the delay. However, we also recognize that the allowance of interest, together with husband's other obligations under the decree, would create a very serious cash flow problem, which would only be exacerbated by the addition of wife's share of the $42,000 which must be restored to the valuation. Moreover, the existence of the lien over such a long term involves an undesirable continuity of entanglement.

■ The amount of the judgment awarded by the trial court was intended to be approximately the equivalent of the value of a certain part of the parties' real property described as the "lower land." That valuation was within the range of the parties' experts' appraisal, and we accept it. However, given the adjustment required by the disallowance of selling expenses and in the light of our conclusion that the lien ought to have carried the legal rate of interest, it is not practicable or fair to use the lien methodology for the property disposition. Instead, the decree is modified to award wife parcels I and II described in Exhibit B incorporated in the trial court's original judgment. Furthermore, paragraph 7 of the judgment is amended to read:

> "The petitioner shall assume, pay and hold the respondent harmless on all of the following liabilities:
>
> "(A)   All accounts payable and taxes payable associated with Valley View Nursery.
>
> "(B)   All ad valorem taxes imposed on property subject to this judgment and due and payable on or before the effective date of the modified judgment.
>
> "(C)   All notes, mortgages, contracts and other charges

against or encumbrances on any and all property that is subject to this judgment and that exist at the effective date of this decision."

In addition, not later than 120 days after the effective date of this decision, husband shall pay wife $18,750 plus simple interest at the rate of nine percent per annum from and after December 1, 1983. That amount shall be a judgment and may be executed against real property received by husband under the modified judgment after the date when it is due and payable.

■ ■   Before the dissolution, husband's uncle had died testate, devising to him an interest having a stipulated present value of $104,000. Husband has exercised some control over the inheritance by assigning portions back to the estate and attempting to hypothecate other portions of it. However, husband had not received the devise at the time of the dissolution proceeding. Wife argues that the trial court erred by not treating the inheritance as a marital asset and dividing it equally, consistently with the ordinary practice in dissolutions of long term marriages. Whether the inheritance is technically a marital asset is unnecessary for us to determine, because the presumption of wife's equal contribution under ORS 107.105(1)(f) is rebutted by husband's having received the devise, unaffected by efforts of wife, after the parties separated. *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982). In the light of the modifications we have made and the fluctuation of income to be anticipated from the nursery operation, as evidenced by the parties' tax returns and their testimony, we conclude that husband should retain the inheritance free of any claim of wife.

■   Husband contends on cross-appeal that the trial court erred in awarding child support, because wife did not put on evidence of the children's needs. Wife essentially concedes that but notes that at the hearing husband agreed that $250 a month was necessary to provide for the needs of the children. We modify the judgment accordingly, effective December 1, 1983, and otherwise affirm on the cross-appeal.

The judgment is modified (1) by eliminating the trial court's $42,000 deduction for expenses of selling the real property; (2) by awarding wife real property described in the original judgment in Exhibit B, together with a judgment for

$18,750, with interest at 9 percent since December 1, 1983, all payable not later than 120 days after the effective date of this decision, after which execution may issue against real property awarded husband under the judgment as modified; (3) by ordering that husband be responsible for all ad valorem taxes on property subject to the modified judgment and due and payable before its effective date as well as all other charges and encumbrances on the property at that date; and (4) by reducing the child support award to $250 a month per child, effective December 1, 1983. In all other respects the judgment is affirmed. Costs to neither party.