Argued and submitted June 23, affirmed as modified December 31, 1986, reconsideration denied March 13, petition for review denied March 31, 1987 (303 Or 172)

In the Matter of the Marriage of

# MOEN,
*Respondent,*
*and*

# MOEN,
*Appellant.*

(30348; CA A37766)

730 P2d 1294

Hank McCurdy, Portland, argued the cause and filed the brief for appellant.

Michael J. O'Brien, Portland, argued the cause for respondent. With him on the brief was James D. Church, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J

Husband appeals a judgment of dissolution. He assigns as error that the court refused to include in the judgment the terms of a marital settlement agreement. Alternatively, husband assigns as errors that the court awarded spousal support and attorney fees to wife, failed to provide for interest on husband's $15,000 judgment against wife and undervalued the marital home.

Each party had counsel when the marital settlement agreement was made. Husband then moved to North Dakota. Wife notified husband six months before trial that she rejected the agreement. Husband appeared at trial through counsel.

A court may reject a property settlement. *See McDonnal and McDonnal,* 293 Or 772, 652 P2d 1247 (1982); *Eisenbraun and Eisenbraun,* 83 Or App 153, 729 P2d 609 (1986). Husband and wife were married for 20 years. Husband's earning capacity is substantially greater than wife's. She is six years older than husband and in poor health. *See* ORS 107.105(1)(d); *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). We agree with the trial court that, under the circumstances, the agreement was inequitable, because it did not provide spousal support for wife. We agree with husband, however, that his judgment, payable over not more than 10 years, should bear interest.

Husband's other assignments of error are without merit. At trial, his counsel waived objection to the award of attorney fees. The court's valuation of the marital residence was reasonable.

Paragraph 7 of the dissolution judgment is modified to provide that husband's judgment shall bear interest at the legal rate; otherwise affirmed. No costs to either party.