[No. 17313-8-I. Division One. May 20, 1987.]

*In the Matter of the Marriage of* JERRY A. BERG, *Respondent, and* CHARLENE C. BERG, *Appellant.*

*Donald Gough,* for appellant.

*Peter D. Preston,* for respondent.

COLEMAN, J.—Charlene Berg appeals a decree of dissolution, arguing that the trial court erred in valuing the community business and the community home. We reverse and remand for revaluation of the business and for possible redivision of the property. We affirm, however, the trial court's refusal to deduct costs of sale from the value of the home.

This appeal concerns the valuation of property acquired by Charlene and Jerry Berg during more than 20 years of marriage. The court valued Select Sales, Inc., a corporation owned by the parties, at $42,000 and awarded it to respondent. The court valued the community home at $85,000, subject to an outstanding mortgage balance of $20,000. The court awarded appellant the home, subject to a $10,000 judgment lien by respondent which was to mature no later than December 30, 1986.

## VALUATION OF THE COMMUNITY BUSINESS

At trial, respondent testified that Select Sales, Inc., was worth its book value[1] of $42,000. Appellant's expert witness, Arthur Brueggeman, testified that the corporation was worth $94,000. Brueggeman explained that he arrived at this conclusion after averaging the results of three different valuation approaches.

Respondent first argues that this court should not even

---

[1] "Book value" means the value of the corporation as shown on the books of account after subtracting liabilities. *Jones v. Harris,* 63 Wn.2d 559, 562, 388 P.2d 539 (1964).

consider appellant's challenge to the valuation of the business. He points out that it is the appellant's burden to supply the court with a complete record and she has provided us with only a partial report of proceedings. If we were to examine the entire record, he argues, we would find no abuse of discretion in the court's valuation of the business.

We must reject respondent's procedural argument. An appellant is required to submit only those portions of the report of proceedings that are necessary to present the issues raised on review. RAP 9.2(b); *Wiseman v. Goodyear Tire & Rubber Co.,* 29 Wn. App. 883, 884, 631 P.2d 976 (1981). Respondent had notice that the appellant had not ordered the full record. Had he deemed the partial record inadequate, he could have designated any additional portions which were necessary for review and could have applied to the trial court for an order directing appellant to pay the expense of the additional record. RAP 9.2(c). Because respondent has neither attempted to supplement what has been filed nor indicated more specifically how the omitted testimony is necessary, we are satisfied that the record is sufficient to consider the merits of appellant's argument.

Appellant argues, based on *In re Marriage of Hall,* 103 Wn.2d 236, 692 P.2d 175 (1984), that the trial court erred by failing to set forth the factors and method it used in arriving at a value for the business. She further contends that even after examining the whole record, there is insufficient evidence to support the court's finding that the business was worth $42,000.

■ Our examination of the record brings us to the conclusion that the trial court erred by failing to create a record adequate for appellate review of this issue. Valuation of the shares of a closely held corporation[2] presents a

---

[2]A closely held corporation is one in which the stock is held in a few hands, or in a few families, and wherein it is not at all, or only rarely, dealt in by buying and selling. *Lavene v. Lavene,* 162 N.J. Super. 187, 392 A.2d 621, 623 (1978). Select Sales was a corporation owned entirely by the Bergs.

difficult problem, calling for the careful weighing of relevant facts and the ultimate exercise of reasoned judgment. *Suther v. Suther,* 28 Wn. App. 838, 843, 627 P.2d 110 (1981). Determination of the value of a corporation "contemplates a consideration of all the facts and circumstances pertinent to a particular case in an effort to arrive at a fair and reasonable compromise or arbitration which may in some degree be lacking in mathematical exactness or certitude." *In re Northwest Greyhound Lines, Inc.,* 41 Wn.2d 672, 680, 251 P.2d 607 (1952). Therefore, when a trial court values a closely held corporation for purposes of a dissolution, it "must set forth on the record which factors and method were used in reaching its finding" of value. *In re Marriage of Hall,* 103 Wn.2d 236, 247, 692 P.2d 175 (1984).[3] Because of the complexities involved in valuing a closely held corporation, an appellate court must be able to determine the method by which the trial court determined valuation and the weight that the trial court gave to the factors relevant to valuation.

In the present case, however, the findings and conclusions do not indicate which factors and method were used to find that the corporation was worth $42,000. The court's memorandum opinion is not significantly more enlightening.[4] We recognize the difficult valuation issues that trial courts confront in dissolution actions. A trial court's finding, however, must be justified by reasoning adequate for

---

[3]The *Hall* court expressed this requirement in the context of the valuation of goodwill in a professional practice. We find, however, that it is equally applicable to the valuation of a closely held corporation. Both valuation processes require the court to value an asset which is partially or wholly intangible and which may not have a readily ascertainable market value.

[4]The memorandum opinion states: "The Court recognized that Mr. Brueggeman's evaluation was $94,000. However, under all of the circumstances of this case the $42,000 figure is more realistic. There is no question in the Court's mind that the business has a market value, but that value is substantially impacted by the capitalization problems. Further, the Court questions Mr. Brueggeman's 'front-loading' theory in regard to this particular business." While these generalizations indicate some of the concerns of the trial court, they are inadequate to fulfill the *Hall* requirement.

this court to exercise its function of appellate review.

Furthermore, after examining the relevant testimony, we seriously question the valuation of $42,000. It appears that the trial court simply accepted respondent's testimony that the corporation was worth its book value even though the court expressly stated in its memorandum opinion that the business had a market value. The expert witness testified, however, that the book value was "meaningless to actually support value for a going concern", and we find nothing in the record to rebut the expert's assertion. We note that numerous courts have rejected the contention that book value alone is an accurate measure of a corporation's actual value. As one court has stated:

> There are probably few assets whose valuation imposes as difficult, intricate and sophisticated a task as interests in close corporations. They cannot be realistically evaluated by a simplistic approach which is based solely on book value, which fails to deal with the realities of the good will concept, which does not consider investment value of a business in terms of actual profit, and which does not deal with the question of discounting the value of a minority interest.

*Lavene v. Lavene,* 148 N.J. Super. 267, 275, 372 A.2d 629, 633 (1977). *See also In re Valuation of Common Stock of Libby, McNeill & Libby,* 406 A.2d 54, 67 (Me. 1979) ("nearly complete agreement that book value does not accurately represent the fair value of corporate assets", quoting Note, *Valuation of Dissenters' Stock,* 79 Harv. L. Rev. 1453, 1457 (1966)); *Lavene v. Lavene,* 162 N.J. Super. 187, 195, 392 A.2d 621, 625 (1978) ("rarely does the fair market value of a going industrial company equal the net book equity (book value) applicable to its common stock."); *Borg v. International Silver Co.,* 11 F.2d 147, 152 (2d Cir. 1925) ("[t]he suggestion that the book value of the shares is any measure of their actual value is clearly fallacious.").

For the reasons indicated, we reverse and remand for a redetermination of the value of the corporation. On remand, the trial court may take additional evidence on the value of the business. If an adjustment is necessary, the

trial court may also review the division of property to determine if any revision is appropriate.

## VALUATION OF COMMUNITY HOME

Appellant argues that the trial court erred in refusing to deduct the costs of sale from the value placed on the community home. She contends that the record reveals that she is in difficult economic circumstances and therefore will be forced to sell the home in order to pay off the $10,000 judgment lien by respondent.

In *In re Marriage of Martin,* 32 Wn. App. 92, 645 P.2d 1148 (1982), this court reversed a trial court's decision in a dissolution action to deduct the costs of sale from the value of the home. The court stated that the deduction was "improper in this instance. There was no evidence that the property was going to be sold; indeed, the evidence suggested a strong desire to keep the land in the family." *Martin,* at 97.

We take this opportunity to reaffirm our holding in *Martin.* In order to justify a deduction for costs of sale, there must be evidence in the record (1) showing that the party who will receive the asset intends an imminent sale, and (2) supporting the estimated costs of sale. *See, e.g., In re Marriage of Kopplin,* 74 Or. App. 368, 703 P.2d 251 (1985); *Aaron v. Aaron,* 281 N.W.2d 150 (Minn. 1979).

In the present case, the trial court did not err in refusing a deduction for the costs of sale. The issue was presented to the trial court only after trial, through post–trial motions. Because a trial court's resolution of this issue involves a factual inquiry into the intent and circumstances of the party who will receive the asset, the necessary evidence should be introduced at trial. Furthermore, the evidence presented here was inadequate to justify a deduction for costs of sale. Appellant's intention to sell the house was not sufficiently definite to require a deduction,[5] nor was it clear

---

[5]Appellant stated by post–trial declaration that if the court assessed a lien of $20,000, she intended to sell the house because she could not pay off the lien in any other way. The trial court set the actual lien at $10,000. We cannot say the

that a sale was imminent. Finally, there is nothing in the record to support the appellant's estimate of the costs of sale.

## ATTORNEY'S FEES AND COSTS

Both parties ask this court to charge the other party with attorney's fees and costs on appeal. Appellant requests fees under RCW 26.09.140, which allows a court to award attorney's fees if a party demonstrates financial need. Because appellant has made no present showing of need, however, we deny her request. *In re Marriage of Konzen,* 103 Wn.2d 470, 478, 693 P.2d 97, *cert. denied,* 473 U.S. 906 (1985). We also deny respondent's request for attorney's fees and costs. He bases his request on the theory that appellant has appealed in bad faith, *Seals v. Seals,* 22 Wn. App. 652, 590 P.2d 1301 (1979), a contention that is rejected by our disposition of the business valuation issue.

Reversed and remanded for further proceedings.

WEBSTER and PEKELIS, JJ., concur.

trial court erred in refusing to deduct costs when it is possible that the difference in the amount of the lien may have affected appellant's intention to sell the property.