Argued and submitted March 20, judgment modified and affirmed as modified
July 3, 1991

## In the Matter of the Marriage of

Carl N. SCHMIDT,
*Respondent,*
*and*

Barbara SCHMIDT,
*Appellant.*

(88C-32137; CA A64338)

813 P2d 1129

Paul E. Saucy, Salem, argued the cause for appellant. With him on the brief were Russell Lipetsky and Saucy & Lipetzky, Salem.

Mark L.B. Wheeler, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Wife appeals a judgment of dissolution. The only contention that we address is that her equalizing judgment against husband for $63,884, payable in five years, should bear interest until paid. Husband argues that the court's deferment of interest for three years was part of its "just and proper" division of property, pursuant to ORS 107.105(1)(f) and ORS 82.010(2)(a).[1]

In *Moen and Moen,* 83 Or App 258, 730 P2d 1294 (1986), *rev den* 303 Or 172 (1987); *Kopplin and Kopplin,* 74 Or App 368, 703 P2d 251, *rev den* 300 Or 162 (1985); and *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, *mod* 29 Or App 287, 563 P2d 738 (1977), we modified non-interest bearing judgments and ordered that interest run from the dates on which they were entered. Husband contends that those cases are inapplicable, because they provided for no interest, whereas the judgment here does provide for interest after three years. That distinction is without a difference: Wife would receive no interest for three years.

Assuming that there are cases in which it would be inequitable to require the obligor to pay interest on an equalizing judgment, *see Griffin and Griffin,* 34 Or App 765, 579 P2d 885 (1978), we do not believe that this is such a case. The judgment represents part of the marital assets to which wife is entitled. Husband is not required to pay it for five years. To the extent that the principal does not accrue interest at the statutory rate, ORS 82.010, the value of the judgment is decreased, thereby reducing the value of wife's property award. Regardless of whether husband is *presently* unable to pay interest, as he argues, interest should accrue on the principal from the date of the judgment.

We have considered wife's other assignments and find no error.

Judgment modified to provide that interest accrue on wife's $63,884 judgment from the date of the trial court judgment; affirmed as modified. Costs to wife.

---

[1] ORS 82.010 provides that, generally, interest on a judgment accrues from the date of its entry, "unless the judgment specifies another date."