[No. 14368-6-III.    Division Three.    December 26, 1995.]

*In the Matter of the Marriage of* RONALD HAY, *Respondent, and* MARILYN HAY, *Appellant.*

*Edward F. Shea, Jr.*, and *Shea, Kuffel & Klashke*, for appellant.

*Michael R. Pickett*, for respondent.

THOMPSON, C.J. — Marilyn Hay (now Rauch) challenges the trial court's property division in her dissolution of marriage proceeding. She contends the division was inequitable because the court considered capital gains tax consequences when it valued the parties' interest in a real estate partnership. We reverse and remand for further proceedings.

Ronald Hay and Marilyn Hay were married on March 18, 1972. They separated on June 15, 1992. During their marriage, the parties acquired a twenty percent partnership interest in H & L Investments (H & L). H & L owned four duplexes in the Tri-Cities area. The parties also acquired a family home. That home was sold in 1993 and the parties realized net proceeds of $157,511.

By appraisal and testimony at trial, the fair market

value of the parties' twenty percent interest in H & L was established at $119,049. That valuation was not, and is not, disputed.[1] Mr. Hay's accountant also testified that if the partnership sold its assets at the established value, the taxable gain would be $364,545 and the Hays would be taxed on twenty percent of that gain. Mr. Hay testified at trial that he had no plans to sell the partnership interest.

The trial court adjusted the gross value of the partnership from $119,049 to $101,000, to reflect the capital gains tax that would be paid if it were sold. The trial court then awarded the H & L interest to Mr. Hay. Ms. Hay was awarded $101,000 of the cash proceeds from the sale of the family residence to offset the husband's award of the partnership interest. After payment of certain enumerated expenses, the cash balance from the house was to be divided equally between husband and wife.

Ms. Hay moved for reconsideration, contending the court erred in valuing the H & L interest. In response, Mr. Hay submitted his declaration stating that following the court's ruling, he recognized he would have insufficient cash from the sale of the family residence to purchase a new residence and contacted two principal partners offering to sell his interest. Ms. Hay's motion for reconsideration was denied. This appeal followed.

In valuing assets in a dissolution proceeding, the trial court is not generally controlled by fixed standards. It has wide discretion to consider all relevant facts and circumstances. *E.g., Rogstad v. Rogstad*, 74 Wn.2d 736, 741-43, 446 P.2d 340 (1968); *Worthington v. Worthington*, 73 Wn.2d 759, 764, 440 P.2d 478 (1968); *In re Sheffer*, 60 Wn. App. 51, 58, 802 P.2d 817 (1990); *In re Berg*, 47 Wn. App. 754, 756-57, 737 P.2d 680 (1987).

Ms. Hay contends the trial court should not have considered capital gains generated by a sale of the parties'

---

[1]There was no dispute as to the valuation method either. Accountants for both parties valued the partnership not on an income or cost basis, but on its fair market value or comparable sale basis.

partnership interest in this case because Mr. Hay expressed no present intention to sell. In this regard, she urges the court to extend the holdings in *Berg* and *In re Martin,* 32 Wn. App. 92, 645 P.2d 1148 (1982), because there is no Washington case specifically addressing whether capital gains tax consequences should be a factor in determining the value of marital assets. *Berg* and *Martin* held that an asset's value should be reduced by *sales costs* only if the party receiving it intends an imminent sale and there is evidence regarding costs of sale. Ms. Hay also urges adoption of holdings in certain other jurisdictions to the effect that tax consequences should not be considered when valuing marital assets unless there is a present intention of the party receiving the asset to sell and evidence as to the tax consequences which would follow.

Other states have dealt with this or similar issues. *Aaron v. Aaron,* 281 N.W.2d 150 (Minn. 1979) held that under Minnesota law, where a sale of real estate is "required or is likely to occur within a short time after the dissolution," the trial court should consider the tax consequences therefrom. *See also Reynolds v. Reynolds,* 498 N.W.2d 266 (Minn. Ct. App. 1993). Similarly, under Minnesota law the trial court is not obligated to consider tax consequences of a hypothetical disposition of property. *O'Brien v. O'Brien,* 343 N.W.2d 850, 854 (Minn. 1984). *But see Pekarek v. Pekarek,* 362 N.W.2d 394, 397 (Minn. Ct. App. 1985) (trial court may consider tax consequences on remand after neutral expert evaluated tax shelter assets with no qualification that a sale was required or likely to occur in a short time.)

Wisconsin, Michigan and Montana have made determinations similar to Minnesota. That is, a trial court properly declines consideration of tax consequences if the taxable event is not planned or likely to occur. *Hanaway v. Hanaway,* 208 Mich. App. 278, 527 N.W.2d 792, 803 (1995); *In re Turbes,* 234 Mont. 152, 159, 762 P.2d 237 (1988); *Preuss v. Preuss,* 195 Wis. 2d 95, 536 N.W.2d 101,

104, *review denied*, 540 N.W.2d 201 (1995). *But see Liddle v. Liddle*, 140 Wis. 2d 132, 410 N.W.2d 196 (1987) (trial court directed to consider tax consequences of sale even though assets would "probably be sold" when they lost their desirability in "5 to 7 years").

Other jurisdictions have not been so restrictive in determining when a trial court may consider tax consequences in valuing marital assets. *See, e.g., In re Bookout*, 833 P.2d 800, 806 (Colo. Ct. App. 1991), *cert denied*, 846 P.2d 189 (Colo. 1993); *In re Woodrum*, 618 P.2d 732 (Colo. Ct. App. 1980); *Hogan v. Hogan*, 796 S.W.2d 400, 408 (Mo. Ct. App. 1990); *White v. White*, 105 N.M. 600, 734 P.2d 1283, 1286 (1987); *Barnes v. Barnes*, 16 Va. App. 98, 428 S.E.2d 294, 300 (1993). The varying approaches are summarized by Tracy A. Bateman, Annotation, *Divorce and Separation: Consideration of Tax Consequences in Distribution of Marital Property*, 9 A.L.R.5th 568, 592, § 2[a] (1993):

> Courts have generally found that consideration of tax consequences is either required or at least appropriate where [the consequences] are immediate and specific and/or arise directly from the court's decree, but find they are not an appropriate consideration where speculation as to a party's future dealings with property awarded to him or her would be required.

■ We agree with the rule adopted by most jurisdictions. If tax consequences are imminent, or arise directly from the trial court's property disposition, and the amount is not speculative, such consequences are properly considered in valuing marital assets. This conclusion logically follows from *Martin* and *Berg*, which held that an asset's value should be reduced by sales costs *if* a sale is imminent *and* there is evidence regarding sales costs.

■ Mr. Hay testified at trial that he had no plans to sell his partnership interest and we doubt the trial court determined otherwise based on his post-trial indications that he was considering a sale. Because a sale was not

imminent, the trial court erred in considering the capital gains tax consequence when valuing the parties' interest in the real estate partnership. However, because valuation is only one of several factors to be considered in a property disposition, and a disposition will not be reversed absent manifest abuse of discretion, we remand to enable the trial court to consider the property division without regard to the capital gains tax consequences of a hypothetical sale of H & L Investments.

MUNSON and SWEENEY, JJ., concur.