[No. 47163-5-I.  Division One.  February 20, 2001.]

*In the Matter of the Marriage of* LEONARD LEE LAWRENCE, *Respondent*, and PAMELA MAE LAWRENCE, *Appellant*.

*Margaret K. Dore* (of *Law Offices of Margaret K. Dore*), for appellant.

*Christy K. Burt* (of *Tim Edwards & Associates, P.S.*), for respondent.

WEBSTER, J. — Pamela Lawrence appeals an order granting custody of her children to their father, Leonard Lawrence, arguing that the trial court erred by using the "friendly parent" concept to determine residential placement, and that she is entitled to be designated primary residential parent as a matter of law. The findings of fact and conclusions of law entered by the trial court are insufficient for us to determine the basis for the trial court's custody decision. We therefore remand so that the trial court may enter findings of fact and conclusions of law, without the use of the friendly parent concept.

## FACTS

The Lawrences were married in 1984. Clerk's Papers (CP) at 163. They had two children. In 1999, the Lawrences commenced divorce proceedings. A trial was held in May 2000, and a parenting plan was entered granting custody to Mr. Lawrence. The only reference to the residential placement of the children was one paragraph in the parenting plan, which was incorporated by reference into the findings of fact:

3.12 **Designation of Custodian.**

> The children named in this parenting plan are scheduled to reside the majority of the time with the father. This parent is designated the custodian of the children solely for purposes of all other state and federal statutes which require a designation or determination of custody. This designation shall not affect either parent's rights and responsibilities under this parenting plan.

CP at 154.

This timely appeal followed.

## DISCUSSION

A trial court's rulings dealing with the provisions of a parenting plan are generally reviewed for abuse of discretion.[1] However, in this case, the basis for the trial court's decision to award custody to the father is not clear from the record.

■ A trial court must make findings of fact and conclusions of law sufficient to suggest the factual basis for the ultimate conclusions.[2] Inadequate written findings may be supplemented by the trial court's oral decision or statements in the record.[3] Supplementing the trial court record with the court's oral ruling here, however, is not helpful because the trial court's memorandum of decision does not explain how it reached its conclusion. Nor do the conclusions of law shed any light on what theory was adopted by the trial court.

Because the findings of fact are so incomplete that this court is unable to determine on what theory the trial court made its decision, we remand this case to the trial court for specific findings of fact and conclusions of law as to its basis for decision on the custody award.

---

[1] *See In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993); *In re Marriage of Wicklund*, 84 Wn. App. 763, 770, 932 P.2d 652 (1996). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Kovacs*, 121 Wn.2d at 801; *Wicklund*, 84 Wn. App. at 770 n.1. A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995) (citing WASHINGTON STATE BAR ASS'N, WASHINGTON APPELLATE PRACTICE DESKBOOK § 18.5 (2d ed. 1993)), *review denied*, 129 Wn.2d 1003 (1996)." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 47, 940 P.2d 1362 (1997).

[2] CR 52(a); *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 40, 395 P.2d 633 (1964); *see also In re Marriage of Berg*, 47 Wn. App. 754, 756, 737 P.2d 680 (1987) (A trial court is required to create an adequate record of the proceedings for appellate review); *In re Det. of LaBelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986) (citing *Maehren v. Seattle*, 92 Wn.2d 480, 487-88, 599 P.2d 1255 (1979) (trial court must establish and set forth the existence or nonexistence of determinative factual matters).

[3] *LaBelle*, 107 Wn.2d at 219 (citations omitted).

■ On appeal, the appellant has argued that the trial court abused its discretion by relying on the "friendly parent" concept to determine residential placement. While we do not determine whether the trial court abused its discretion, we emphasize that the use of the friendly parent concept in a custody determination would be improper and an abuse of discretion.

Under the "friendly parent" concept, primary residential placement is awarded to the parent most likely to foster the child's relationship with the other parent. This is often reflected in statutes that establish that it is a matter of public policy that children have "frequent and continuing contact" with both parents.[4] Bills adopting the friendly parent concept, either as a presumption or a factor to be considered in custody decisions, have been rejected by our Legislature every year since 1982. The Supreme Court recognized this rejection of the friendly parent concept in *Marriage of Littlefield*, where it commented,

> Other state legislatures have expressed that it is a matter of public policy that children have "frequent and continuing contact" with both parents.
>
> Our state Legislature . . . year after year has declined to determine that, as a matter of public policy, frequent and continuing contact with both parents is in the best interests of the child.[5]

After *Littlefield* was decided, the Legislature rejected adoption of the friendly parent concept again in 1998 and 1999.[6] The Legislature's rejection of this rule is consistent with our state's policy that "custody and visitation privileges are

---

[4] *See* Joan Zorza, *Friendly Parent Provisions in Custody Determinations*, 26-8 CLEARINGHOUSE REVIEW, Dec. 1992.

[5] *In re Marriage of Littlefield*, 133 Wn.2d 39, 48-49, 940 P.2d 1362 (1997) (citations omitted).

[6] *See* H.B. 2406, 55th Reg. Sess. (Wash. 1998) ("the friendly parent presumption"); H.B. 1362, 56th Reg. Sess. (Wash. 1999) ("creating the friendly parent presumption").

not to be used to penalize or reward parents for their conduct."[7]

Because the "friendly parent" concept is not the law of the state, a trial court's use of the concept in a custody determination would be an abuse of discretion.

We therefore remand the case to the trial court for an entry of findings of fact and conclusions of law without the use of the friendly parent concept.

The remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed of public record as provided in RCW 2.06.040.

GROSSE and BAKER, JJ., concur.

Motions for reconsideration denied March 27, 2001.

---

[7] *In re Marriage of Cabalquinto*, 100 Wn.2d 325, 329, 669 P.2d 886 (1983) (homosexuality "in and of itself" is not a bar to custody or reasonable rights of visitation) (citing *Andersen v. Andersen*, 75 Wn.2d 779, 781, 453 P.2d 856 (1969); *Malfait v. Malfait*, 54 Wn.2d 413, 418, 341 P.2d 154 (1959); *Norman v. Norman*, 27 Wn.2d 25, 27, 176 P.2d 349 (1947)).