27 P.3d 263 (2001)
107 Wash.App. 485
In re the MARRIAGE OF Raymond WRIGHT, Respondent, and
Elisabeth Wright, Appellant.
No. 19737-9-III.
Court of Appeals of Washington, Division 3, Panel Four.
July 26, 2001.
*264 David B. Trujillo, Yakima, for Appellant.
Richard H. Bartheld, Dauber & Bartheld, Yakima, for Respondent.
KATO, J.
The parties in this dissolution action disagree as to the value of the community's interest in the future pension benefits of the husband, Raymond Wright. The superior court assessed the present value of the pension using a retirement date of age 65 for Mr. Wright. Elisabeth Wright contends that the court, as a matter of law, must use the date Mr. Wright is first eligible for retirementwhen he turns 55 years old.
We reject Ms. Wright's contention. The superior court, in the exercise of its discretion, determines the value of the community's interest in a future pension after considering all relevant factors. See In re Marriage of Hay, 80 Wash.App. 202, 204, 907 P.2d 334 (1995) (citing, e.g., Rogstad v. Rogstad, 74 Wash.2d 736, 741-43, 446 P.2d 340 (1968)). The court here did not abuse its discretion when it valued the pension using the date Mr. Wright turned 65 years old as the projected date of retirement. The record supports the court's finding that Mr. Wright likely will work to age 65 because the amount of his pension is too low for him to make house payments and cover other living expenses. We therefore affirm.
Raymond and Elisabeth Wright married in 1990. They separated in late 1998. The decree dissolving their marriage was entered in October 2000. Mr. Wright works as a general repairman for the Yakima Valley School in Selah, Washington. At the time of the decree, he was 48 years old and was eligible to retire under his pension plan when he reached age 55. The parties stipulated that the value of Mr. Wright's pension is $87,280 if he retires at age 55. They also stipulated that the present value of the pension decreases to $39,400 if he retires at age 65. The stipulation does not include a description of how the parties calculated these amounts. However, the dollar amounts are not material to this appeal. The issue before us is narrow: In determining the present value of a pension, does a court have to assume that the spouse/worker will retire at the age he first becomes eligible to retire?
In a sworn declaration filed in superior court, Mr. Wright stated that he cannot afford to retire at age 55. He cited the fact that he is in need of housing and that a monthly payment on an $80,000 home, financed for 20 years at 8 percent interest, plus taxes and insurance, would consume 50 percent of the estimated $1,633 per month he would receive as a pension.
Ms. Wright countered that Mr. Wright had planned to retire at around age 55. She claimed that he decided not to do so because, by working for a longer period of time after the dissolution, he decreases the present value of the pension by almost $50,000.
The superior court found that, "on a more probable than not basis ... it is likely that [Mr. Wright] will stay with his present job until he is sixty-five[.]" Clerk's Papers at 7. In support of its finding, the court cited Mr. Wright's desire to purchase a home and the fact that social security payments are not available to supplement his pension until he is at least age 62. It therefore calculated the present value of Mr. Wright's pension using age 65 as his retirement date.
*265 On appeal, Ms. Wright contends that the superior court in a dissolution proceeding is required to value a party's pension using the earliest possible date the party can retire. No prior Washington case has considered this precise issue. But Ms. Wright's argument is at odds with the long-standing rule in Washington that "[i]n valuing assets in a dissolution proceeding, the trial court is not generally controlled by fixed standards. It has wide discretion to consider all relevant facts and circumstances." Hay, 80 Wash. App. at 204, 907 P.2d 334. "In view of the three large mortgage balances payable over a long period of time, again the trier of the facts [in valuing the apartments] could take such factors [as future demand for apartment type housing and the fact these apartments were constructed of wood] into consideration in exercising the wide discretion allowed him." Rogstad, 74 Wash.2d at 741, 446 P.2d 340.
We find no abuse of discretion here. The length of time remaining before a party's eligibility for his or her pension matures, is only one factor among many for the court to consider. The court may also consider the likelihood that the party may, in the exercise of reasonable judgment, decide to work for additional years. Cf. Wilder v. Wilder, 85 Wash.2d 364, 369, 534 P.2d 1355 (1975) (the court can consider the probability that the husband would decide to pursue some other career and abandon his pension rights).
In Dewan v. Dewan, 30 Mass.App.Ct. 133, 566 N.E.2d 1132, 1134, review denied, 409 Mass. 1104, 569 N.E.2d 832 (1991), the court addressed the wife's argument that "for purposes of computing present value in the context of divorce proceedings, a court should assume the earliest possible retirement date for the spouse with the pension." The wife's rationale was that "the spouse with the retirement benefits should not be able to manipulate them to impair the other spouse's benefits." Id. The court disagreed. It held that "a judge determining present value of a pension should not invariably be required to assume the earliest possible retirement age. In general, fair value analysis assumes norms.... There is no distortion if a judge chooses a retirement age that is the norm, namely, sixty-five." Id. (citation omitted). The court further observed that the trial court found there was "no evidence that an earlier retirement age was the custom in [the husband's] line of work or that [the husband] had intended to take early retirement." Id. In these circumstances, the court upheld the trial judge's present value analysis. Id.
Here, the evidence was that Mr. Wright had intended to retire at around age 55, at about the time the couple would finish paying the mortgage on their home. His intent changed because the couple's separation and dissolution required him to obtain a new house. The court, in its discretion, valued the pension using a retirement age of 65. Its finding that the husband likely would not retire before age 65 because he would need the extra income to pay for new housing supports this exercise of discretion.
Ms. Wright requests attorney fees on appeal. RCW 26.09.140 authorizes this court, in its discretion, to award reasonable fees on appeal after considering the financial resources of the parties. See In re Marriage of Griffin, 114 Wash.2d 772, 779-80, 791 P.2d 519 (1990). Here, Mr. Wright's affidavit establishes that he has insufficient resources available to pay Ms. Wright's fees. Accordingly, we deny Ms. Wright's request.
Affirmed.
WE CONCUR: SWEENEY, A.C.J., SCHULTHEIS, J.