# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the Marriage of:<br><br>LAURIE ANN STIGEN,<br><br>Respondent,<br><br>v.<br><br>GENE KEITH STIGEN,<br><br>Appellant. | No. 58189-2-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Gene Stigen appeals the final orders entered in the dissolution of his marriage to Laurie Stigen.[1]  Because Gene failed to designate the trial record on appeal, the record is insufficient to review his assignments of errors.  Accordingly, we affirm the superior court's final orders.  We also deny Gene's request for attorney fees on appeal and grant Laurie's request for attorney fees on appeal as sanctions under RAP 18.9.

### FACTS

Gene and Laurie were married in 1989.  In 2021, Laurie petitioned for dissolution of the marriage.

Following a trial, the superior court found that the marriage was irretrievably broken and entered final orders in the dissolution.  The superior court entered findings identifying community personal property, separate personal property, community debts, and separate debts.  The superior

---

[1] We refer to the parties by their first names to avoid confusion.  We mean no disrespect.

court found the parties' real property in Spanaway was community property. The superior court awarded this Spanaway property to Gene but ordered that Gene pay Laurie a $245,459 equalization payment. The superior court also distributed the remaining personal property and debts. The superior court's final orders did not explicitly assign valuations to any of the personal property or debts.

The superior court also found that Laurie had need for spousal maintenance and Gene had the ability to pay, awarding Laurie $587 per month in spousal maintenance for the remainder of Gene's lifetime.

Finally, the superior court entered detailed written findings supporting its determination that Gene was not credible at trial. The superior court also found that Gene was intransigent based on specific conduct leading up to and during the trial. The superior court awarded Laurie $20,000 in attorney fees for Gene's intransigence and an additional $3,000 in attorney fees related to an order granting a motion to compel.

Gene filed a motion for reconsideration of the superior court's final orders. The superior court made an agreed modification to the final orders but otherwise denied the motion for reconsideration. Gene appeals.

On appeal, Gene provided the superior court's written orders, but he did not designate a verbatim report of proceedings of the dissolution trial.

ANALYSIS

I. FAILURE TO DESIGNATE RECORD

Gene raises numerous assignments of error challenging the superior court's characterization of certain property and the superior court's final orders distributing property.

However, because Gene has failed to provide a complete record of the trial, the record is insufficient for us to review his assignments of error. Accordingly, we affirm the superior court's final orders.

RCW 26.09.080 states that "[i]n a proceeding for dissolution of the marriage . . . the court shall . . . make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors. . . ." Relevant factors include, but are not limited to, the nature and extent of community or separate property, the duration of the marriage, and the economic circumstances of each spouse. RCW 26.09.080(1)-(4). The superior court is in the best position to assess the assets and liabilities of the parties and determine what is just and equitable. *In re Marriage of Brewer*, 137 Wn.2d 756, 769, 976 P.2d 102 (1999).

The superior court's property division in a dissolution proceeding will only be reversed for a manifest abuse of discretion. *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). " 'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.' " *Id.* (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). Further, the superior court's findings will not be disturbed on appeal so long as they are supported by substantial evidence. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242, 170 P.3d 572 (2007), *review denied*, 163 Wn.2d 1055 (2008). " 'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.' " *Id.* (internal quotation marks omitted) (quoting *In re Marriage of Griswold*, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002)).

"The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). If the appellant fails to provide us with a record sufficient for review, we cannot reach the merits of the appellant's arguments. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) ("We cannot reach the merits of [Appellant's] arguments because he has failed to provide us with a sufficient trial record."), *review denied*, 123 Wn.2d 1025 (1994).

First, Gene assigns error to the final orders arguing that the superior court erred in its characterization of property as community or separate and by awarding property that did not belong to either party. Gene concedes he failed to supply a transcript of the proceedings, but he claims he "is not challenging what was said during the trial, but rather, what was reduced to writing after the trial . . . ." Reply Br. of Appellant at 29. But that does not work. Without a full record of the evidence presented to the superior court during the trial, we cannot accurately determine whether the superior court's findings regarding the characterization of property or ownership of the property are supported by substantial evidence. Accordingly, the record designated for review is insufficient to allow us to review this assignment of error.

Second, Gene argues the superior court erred by failing to list valuations of all property, assets, and liabilities in its final orders. The superior court is required to value the property at issue to create a record for appellate review. *In re Marriage of Greene*, 97 Wn. App. 708, 712, 986 P.2d 144 (1999). However, "[i]nadequate written findings may be supplemented by the trial court's oral decision or statements in the record." *In re Marriage of Lawrence*, 105 Wn. App. 683, 686, 20 P.3d 972 (2001). Again, because Gene has failed to designate a verbatim report of proceedings documenting the trial and any of the superior court's oral rulings, we do not have an adequate

4

record to determine whether or not the superior court actually valued the property described in the final orders.

Third, Gene assigns error to the superior court's decision to award Laurie a $245,459.00 equalization payment for awarding Gene the Spanaway property. Yet again, because Gene has failed to designate a verbatim report of proceedings of the trial record, we have no record available to evaluate the superior court's reasons for awarding the equalization payment or the evidence it relied on when determining the appropriate amount of the equalization payment. Accordingly, the record is insufficient to allow us to review this assignment of error.

Fourth, Gene assigns error to the superior court's award of spousal support to Laurie. The superior court explicitly found that Laurie had need and Gene had the ability to pay and, therefore, awarded Laurie spousal support. Again, without a verbatim report of proceedings of the trial, we do not have a complete record of the evidence presented regarding the financial circumstances of the parties which is necessary to determine whether the superior court's findings of fact regarding spousal support are supported by substantial evidence.

Fifth, Gene assigns error to the superior court's award of $20,000.00 in attorney fees to Laurie for Gene's intransigence. The superior court's final orders contain detailed findings of fact related to Gene's credibility and intransigence. But without a record, we cannot determine whether the superior court's findings are supported by substantial evidence or whether the superior court abused its discretion in awarding Laurie attorney fees for Gene's intransigence.

II. ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. Gene requests attorney fees on appeal under RAP 18.1 and RCW 26.09.140. Laurie requests attorney fees as sanctions under RAP 18.9. We deny Gene's request for attorney fees on appeal and grant Laurie's request for attorney fees.

RAP 18.1(a) allows us to award attorney fees on appeal if applicable law grants a party the right to recover attorney fees. RCW 26.09.140 provides that in dissolution proceedings,

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

We exercise our discretion to deny Gene's request for attorney fees under RCW 26.09.140.

Under RAP 18.9(a), we may award attorney fees as sanctions against a party who filed a frivolous appeal. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012).

Gene filed this appeal challenging the superior court's findings and decisions in final orders without designating the trial record on appeal. Without designating a complete record on appeal, there is no reasonable possibility of reversing the superior court's final orders. Therefore, this appeal was frivolous. Accordingly, we grant Laurie's request for attorney fees as sanctions under RAP 18.9.

## CONCLUSION

Gene has failed to designate a record on appeal that is sufficient to allow us to review his assignments of error on the merits. Accordingly, we affirm the superior court's final orders in the

dissolution proceeding. We also deny Gene's request for attorney fees on appeal and grant Laurie's request for attorney fees on appeal as sanctions under RAP 18.9.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

LEE, J.